Martin, J.
delivered the opinion of the court. The plaintiff sues on a note of hand of the defendant, who pleaded the general issue. *540 The note had the signature of Samuel Kinsway affixed thereto, as that of a subscribing witness.
East'n District.
Jan. 1823.
If a note does no state, the place in which it was given, the court may presume that it was given at the place in which the maker and payee reside.
A subscribing witness, to a note given out of the state, is presumed to be out of the jurisdiction of its courts.
Miller deposed, he knew Samuel Kinsway of Ohio, though slightly; he does not know that he is the person whose name appears on the note as a subscribing witness; he is unacquainted with his signature, or hand-writing.
Gilly deposed, he knew the defendant, and has seen his signature and hand-writing; but having been called on suddenly, without being apprized of the questions he was to answer, he does not feel disposed to declare, whether the signature on the note is that of the defendant; it does look very much like it; being spelt in the same way and with the same letters; it looks very much like the signature of the defendant, which he has seen, is spelt in the same manner; but he cannot swear to it.
Davidson deposed, the signature on the note resembles the defendant’s hand-writing, which he has seen several times; he has never seen him write; he cannot positively swear it is the defendant’s, but, to the best of his knowlege, he believes it is; he believes the defendant acknowleged he owed the money *541 sued for; and told him, that, if he was cast in the suit, Cuchery was to repay him: from his conversation with the defendant, he has no doubt that he owes the money; he knew Samuel Kinsway but not his hand-writing, he resides in the state of Ohio.
Gordon deposed, he has compared the signature at the foot of the note, with that on an affidavit sworn before him by the defendant, and believes it is in his hand-writing.
Two witnesses, appointed as experts, reported, they had compared the signature at the foot of the note and that of the defendant to the bail-bond, and believes both to be written by the same person.
There was judgment for the plaintiff, and the defendant appealed.
There are two bills of exceptions taken by the latter to the decision of the parish court, in overruling his objection to the introduction of witnesses, and the resort to experts to establish his signature—as, while there is a subscribing witness to the note, he ought to have been produced, or accounted for, before other evidence was resorted to.
Both parties are described, in the caption of the petition, to be resident in the state of *542 Ohio. The defendant has not pleaded in abatement, that either of them was incorrectly described. The residence of the parties is, by law, required to be stated in the petition. When the defendant does not plead in abatement, that the right place of residence of all the parties is not stated, he admits that each is a resident of the place stated. Taking it, therefore, for granted, that both parties reside in Ohio, the presumption is, that it is in that state the note was executed (no place being mentioned in the note); and the presumption is also, that the person, whose name appears as that of a subscribing witness, was there at the time, and nothing shows that he ever came within this state. We, therefore, conclude, that the plaintiff could not avail himself of the process of the court in which he sued, to procure the attendance of this witness. This circumstance authorized a resort to the proof by experts.
Preston for the plaintiff, Davezac for the defendant.
It is therefore ordered, adjudged and decreed, that the judgment of the parish court be affirmed with costs.